UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL DAVID individually and on behalf of all other persons similarly situated who were employed by NEW YORK FOUNDLING CHARITABLE CORPORATION d/b/a NEW YORK FOUNDLING HOSPITAL,<br><br>Plaintiffs,<br><br>-against-<br><br>NEW YORK FOUNDLING CHARITABLE CORPORATION d/b/a NEW YORK FOUNDLING HOSPITAL,<br><br>Defendant. | Index No.: 19-cv-1087<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT** |

Named Plaintiff RACHEL DAVID ("Named Plaintiff") on behalf of a putative class, by her attorneys Virginia & Ambinder, LLP and Pianko Law Group, PLLC, alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought against Defendant NEW YORK FOUNDLING CHARITABLE CORPORATION d/b/a NEW YORK FOUNDLING HOSPITAL ("Foundling" or "Defendant") by Named Plaintiff, on behalf of herself and a putative class of individuals including but not limited to registered nurses ("RNs") and licensed practical nurses ("LPNs"), who are presently or were formerly employed by Defendant Foundling to provide health care services to clients of Defendant Foundling in institutions primarily engaged in the care of individuals who suffer from physical and/or mental impairments or illnesses and who reside on the premises of such institution, including but not limited to in the Individual Residential Alternatives (IRAs) from February 2013 through the present.

2. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law ("NYLL") Article 6 §§ 190 et seq., 193, 198,

1

Article 19 §§ 652, 663; and 12 New York Codes, Rules and Regulations ("NYCRR") §§ 142-2.2 and 142-2.10 to recover unpaid wages, overtime compensation, and unlawful deductions owed to Plaintiffs, and for Defendant's wage statement and notice violations under NYLL § 195(1) and (3).

3. From approximately February 2013 through the present, Defendant has engaged in a policy and practice of failing to pay Plaintiffs their earned wages, including failing to pay them for every hour worked, failing to pay them overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a week, making unlawful and unauthorized deductions from their earned wages, and failing to provide proper wage statements and notices.

4. Named Plaintiff initiated this action seeking for herself, and on behalf of all similarly situated employees who performed work within the State of New York, damages for Defendant's wage statement and notice violations, and all unpaid wages and unpaid overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. Pursuant to 28 U.S.C. § 1367, this court also has supplemental jurisdiction over the New York Labor Law claims.

## VENUE

6. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because Defendant resides in the Southern District of New York and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

**PARTIES**

7. Named Plaintiff Rachel David is a resident of the State of New Jersey and was employed by Defendant as a Registered Nurse from approximately November 2017 to July 2018.

8. Defendant Foundling is a domestic not for profit corporation incorporated under the laws of the State of New York, with its principal place of business at 590 Avenue of the Americas, New York, New York 10011.

9. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA, the NYLL, and applicable regulations.

**FLSA COLLECTIVE AND CLASS ALLEGATIONS**

10. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as the "FRCP") with respect to the New York Labor Law claims asserted herein.

11. This action is brought on behalf of Named Plaintiff and a class consisting of individuals including but not limited to registered nurses ("RNs") and licensed practical nurses ("LPNs"), who are presently or were formerly employed by Defendant Foundling to provide health care services to clients of Defendant Foundling in institutions primarily engaged in the care of individuals who suffer from physical and/or mental impairments or illnesses and who reside on the premises of such institution, including but not limited to in the IRAs from February 2013 through the present (the "Putative Class" or "Putative Class Members").

12. Named Plaintiff and Putative Class Members are all victims of Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay them wages for all hours worked, overtime wages at the rate of one and one half times the regular rate of pay for all

3

hours worked in excess of forty (40) in a week, by making unlawful and unauthorized deductions from their earned wages, and by failing to provide proper wage statements and notices.

13. The Putative Class is so numerous that joinder of all members is impracticable. The size of the Putative Class is believed to be in excess of 100 employees.

14. The questions of law and fact common to the Putative Class predominate over any questions affecting only individual matters. These questions of law and fact include, but are not limited to: (1) whether Defendant made unlawful deductions from the earned wages of Named Plaintiff and Putative Class Members, including but not limited to whether Defendant automatically deducted pay from their wages; (2) whether Defendant failed to pay Named Plaintiff and Putative Class Members overtime compensation for all hours worked in excess of forty (40) hours in a week; (3) whether Defendant failed to pay Named Plaintiff and Putative Class Members for all hours worked, including but not limited to paying for only seven hours of work per shift, even though Named Plaintiff and Putative Class Members regularly worked more than seven hours per shift; (4) whether Defendant provided Named Plaintiff and Putative Class Members with the proper wage statements and notices; and (5) whether Defendant kept adequate and proper records.

15. Named Plaintiff and her counsel will fairly and adequately protect the interests of the Putative Class. Named Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Named Plaintiff and Putative Class Members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

**STATEMENT OF FACTS**

17. Upon information and belief, at all relevant times, Defendant performed activities in connection with the operation of an institution primarily engaged in the care of clients who suffer from physical and/or mental impairments or illnesses and who reside on the premises of such institution.

18. Upon information and belief, Defendant Foundling owns and operates residential facilities for individuals who are ill and/or have a disability, including at least 35 IRAs and 9 ISS apartments for clients with developmental disabilities in Brooklyn, Queens, the Bronx, and Manhattan.

19. Upon information and belief, the IRAs are overseen and/or funded, at least in part, by the Office of People with Developmental Disabilities (OPWDD).

20. Upon information and belief, it is a prerequisite for an individual to have a developmental disability in order to reside in the IRAs.

21. Upon information and belief, Defendant owns and operates an institution primarily engaged in the care of clients who suffer from physical and/or mental impairments or illnesses and who reside on the premises of such institution, such as the IRAs, which qualify as an "enterprise engaged in commerce" within the meaning of the FLSA.

22. At all relevant times, Named Plaintiff worked for Defendant as a RN in Defendant's residential facilities for individuals with a developmental disability, including in the IRAs, from approximately November 2017 until July 2018.

23. Named Plaintiff provided services to Defendant's clients, including but not limited to reserving doctor consults and referrals, getting lab work, getting doctors to order refills for medicines, assessing patients and their health conditions, documenting incidents, scheduling

appointments, maintaining nursing records, and training staff.

24. From approximately November 2017 until March 2018, Named Plaintiff worked for Defendant, via assignment from Execu-Search Temp Agency.

25. Named Plaintiff was paid $32.50 per hour and received overtime at a rate of one and one-half times her regular rate of pay for any hours worked over forty (40) in a given week.

26. During this time period, Named Plaintiff completed a time sheet indicating her hours worked which was approved by one of Defendant's supervisors.

27. In approximately April 2018, Named Plaintiff transitioned to full-time employee status, and began receiving approximately $35.00 per hour, although she was not paid for every hour that she worked.

28. Named Plaintiff routinely worked in excess of forty (40) hours per week.

29. Named Plaintiff typically worked approximately five (5) to six (6) days per week for Defendant. She typically worked from approximately 10:00 a.m. until 5:00 p.m. on Sundays, and from approximately 7:30 a.m. until 6:00 or 7:00 p.m., Mondays through Thursdays. Additionally, from approximately May 2018 through July 2018, Named Plaintiff also typically worked Fridays from approximately 7:45 a.m. until approximately 1:00 p.m.

30. Named Plaintiff was subject to call twenty-four (24) hours, seven (7) days per week.

31. In addition to the hours Named Plaintiff worked on Defendant's premises, Named Plaintiff performed her job duties approximately 4 to 5 hours per week via telephone, including but not limited to coordinating medicines, appointments, and responding to emergencies. She was not paid at all for these hours.

32. Named Plaintiff worked over approximately 55 hours per week.

33. Defendant regularly paid Named Plaintiff for only 35 hours per week, regardless of

how many hours Named Plaintiff actually worked.

34. Despite regularly working shifts of approximately 11 hours per day, Defendant failed to pay Named Plaintiff her agreed upon wage rate, or any minimum wage rate, for every hour that she worked.

35. Regardless of how many hours Named Plaintiff worked, she was only paid for approximately 7 hours per shift.

36. Despite routinely working over forty (40) hours per week, beginning in approximately April 2018, Named Plaintiff was not paid overtime wages at the rate of one and one-half times her regular rate of pay for hours worked over forty (40).

37. Defendant also did not pay Named Plaintiff for approximately two weeks of work by withholding her last paycheck for work she performed in approximately July 2018.

38. Defendant made unlawful deductions from Named Plaintiff's earned wages which were not made for her benefit and were not authorized by Named Plaintiff.

39. Defendant failed to provide Named Plaintiff with a wage notice on or before February first of each year of her employment containing the information outlined in NYLL § 195(1), including but not limited to the rate or rates of pay, whether paid by the hour, shift, day, week, or salary, or the regular pay day designated by the employer.

40. Defendant failed to provide Named Plaintiff with a wage statement with every payment of wages containing information outlined in NYLL § 195(3), including but not limited to the number of regular hours worked, the number of overtime hours worked, and the overtime rate of pay.

41. Upon information and belief, like Named Plaintiff, Defendant did not pay Putative Class Members for all hours that they worked, but paid them for only approximately 35 hours per

week, regardless of how many hours they actually worked.

42. Upon information and belief, like Named Plaintiff, Putative Class Members were not paid at their agreed upon wage rate, or any minimum wage rate, for every hour that they worked.

43. Upon information and belief, like Named Plaintiff, Defendant made unlawful and unauthorized deductions from the earned wages of Putative Class Members that were not made for their benefit.

44. Upon information and belief, like Named Plaintiff, Putative Class Members regularly worked in excess of forty (40) hours per week and were not paid overtime wages at the rate of one and one-half times their regular rate of pay for hours worked over forty (40) in a week.

45. Upon information and belief, like Named Plaintiff, Defendant failed to provide the Putative Class Members with a wage notice on or before February first of each year of their employment containing the information outlined in NYLL § 195(1), including but not limited to the rate or rates of pay, whether paid by the hour, shift, day, week, or salary, or the regular pay day designated by the employer.

46. Upon information and belief, like Named Plaintiff, Defendant failed to provide the Putative Class Members with a wage statement with every payment of wages containing information outlined in NYLL § 195(3), including but not limited to the number of regular hours worked, the number of overtime hours worked, and the overtime rate of pay.

47. Named Plaintiff and Putative Class Members are all victims of Defendant's common unlawful practice of failing to pay Named Plaintiff and Putative Class Members their lawfully earned wages for every hour worked, including failing to pay Named Plaintiff and Putative Class Members all of their wages or overtime compensation as required by the FLSA, the

NYLL, and the supporting New York State Department of Labor regulations, and making unlawful and unauthorized deductions from the wages of Named Plaintiff and Putative Class Members.

48. Upon information and belief, Defendant failed to properly document and record the actual number of weekly hours Plaintiffs worked and their wages paid.

49. Upon information and belief, Defendant's failure to pay wages, overtime compensation, policy and practice of making unlawful deductions from the wages of Named Plaintiff and Putative Class Members, and failure to provide proper wage statements and notices was willful.

**FIRST CAUSE OF ACTION:**
**FLSA OVERTIME COMPENSATION**

50. Named Plaintiff repeats and realleges the allegations set forth in the proceeding paragraphs.

51. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

52. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

53. Named Plaintiff and Putative Class Members are employees within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

54. Defendant is an "employer", within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

55. Named Plaintiff and Putative Class Members regularly worked in excess of forty (40) hours per week.

56. Defendant failed to pay Named Plaintiff and Putative Class Members overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours in which they worked after the first forty hours in any given week.

57. Defendant's failure to pay Named Plaintiff and Putative Class Members their rightfully owed wages and overtime compensation was willful.

58. By the foregoing reasons, Defendant is liable to Named Plaintiff and Putative Class Members in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION: NEW YORK FAILURE TO PAY WAGES

59. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

60. Pursuant to Article Six of the NYLL, Plaintiffs are protected for wage underpayments and improper employment practices.

61. Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by an employer in any employment."

62. As a person employed for hire by Defendant, Plaintiffs are "employee[s]," as understood in NYLL § 190.

63. Pursuant to NYLL § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry,

trade, business or service."

64. As entities that hired Plaintiffs, each Defendant is an "employer" within the meaning of the NYLL.

65. The wage rate and/or overtime compensation rate agreed upon by Plaintiffs constitutes "wages" within the meaning of NYLL §§ 190, 191.

66. Pursuant to NYLL § 191 and the cases interpreting the same, Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

67. Pursuant to NYLL § 193(1), "[n]o employer shall make any deduction from the wages of an employee, except deductions . . . made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations . . . [or] are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made . . . ."

68. Additionally, NYLL § 193(3)(a) provides that, "[n]o employer shall make any charges against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages . . . ."

69. 12 NYCRR § 142-2.10 maintains that "[w]ages shall be subject to no deductions, except for allowances authorized in the Part, and except for deductions authorized or required by law, such as for social security and income tax."

70. Pursuant to NYLL § 198(3), "[a]ll employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years

previous to the commencing of such action, whether such action is instituted by the employee or by the commissioner."

71. By withholding wages, including overtime payments for time worked over forty (40) hours in any given week, automatically deducting one or more hours of pay from the wages of Named Plaintiff and Putative Class Members, and not paying them for all hours worked, Defendant made unlawful deductions in wages owed to Named Plaintiff and Putative Class Members, and failed to pay them for all hours worked.

72. Upon information and belief, Defendant's failure to pay Named Plaintiff and Putative Class Members wages for all hours worked, including overtime payments owed for time worked in excess of forty (40) hours in any given week, and unlawful deductions from their earned wages was willful.

73. By the foregoing reasons, Defendant has violated NYLL §§ 191, 193, 198, and 12 NYCRR 142-2.10 and is liable to Named Plaintiff and Putative Class Members in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT: NYLL NOTICE AND RECORD KEEPING REQUIREMENTS

74. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

75. Defendant failed to provide Named Plaintiff and Putative Class Members with a wage notice on or before February first of each year of their employment containing the information outlined in NYLL § 195(1), including but not limited to the rate or rates of pay, whether paid by the hour, shift, day, week, or salary, or the regular pay day designated by the employer.

76. Defendant failed to provide Named Plaintiff and Putative Class Members with a

wage statement with every payment of wages containing information outlined in NYLL § 195(3), including but not limited to the number of regular hours worked, the number of overtime hours worked, and the overtime rate of pay.

77. As a result of Defendant's violations of NYLL § 195(1) and (3), Named Plaintiff and Putative Class Members may recover damages of fifty dollars ($50) for each work week Defendant failed to provide Plaintiffs with a wage notice, and damages of one hundred dollars ($100) for each work week that Defendant failed to provide Plaintiffs with a wage statement, not to exceed a total of twenty-five hundred dollars ($2,500) for each violation, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

**WHEREFORE**, Named Plaintiff and Putative Class Members demand judgment:

(1) on their first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendant in an amount to be determined at trial, all statutory damages permitted under the NYLL plus attorneys' fees and costs;

(3) on their third cause of action, against Defendant in an amount to be determined at trial, all statutory damages permitted under the NYLL plus attorneys' fees and costs;

(4) such other and further relief the Court deems just and proper.

Dated: New York, New York
February 5, 2019

**VIRGINIA & AMBINDER, LLP**

By:   /s/ LaDonna M. Lusher
    LaDonna M. Lusher, Esq.
    Alanna R. Sakovits, Esq.
    40 Broad Street, 7th Floor
    New York, New York 10004
    Tel: (212) 943-9080
    Fax: (212) 943-9082
    llusher@vandallp.com

- and -

**PIANKO LAW GROUP, PLLC**
Maurice Pianko, Esq.
30 Broad Street, 14th Floor
New York, NY 10004

*Attorneys for Named Plaintiff
and the Putative Class*